RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 26 2019

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |  |
|---|---|---|
| RICKY R. FRANKLIN | ) | Civil Action No: |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | **JURY DEMAND** |
| V. | ) |  |
|  | ) | **1:19-CV-3852** |
| CITIMORTGAGE, INC | ) |  |
|  | ) |  |

Defendant

## ORIGINAL COMPLAINT

Now Comes Plaintiff, Ricky R. Franklin, Pro se, who resides in Stockbridge, Georgia, County of Henry, by and through himself against the Defendant, CITIMORTGAGE, INC., and Plaintiff states as follows:

## NATURE OF THIS ACTION

1. Plaintiff brings this action for actual and statutory damages arising out of and relating to the conduct of Defendants, to include all of its affiliates, subsidiaries, and/or related entities, as well as all persons and entities acting on behalf of Defendants, including but not limited to Citimortgage Inc., in negligently, knowingly, and/or willfully contacting Plaintiff on his cellular telephone without his express consent within the meaning of the TCPA.   This is an action for actual

and statutory damages for violations of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq.*[1]

## JURISDICTION & VENUE

2. Jurisdiction of this Court is conferred by 15 U.S.C. § 1692 and 28 U.S.C. § 1331. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. RICKY R. FRANKLIN, (hereinafter, Plaintiff) is a natural person at all relevant times residing in county of Henry, State of Georgia.

5. Defendant, CITIMORTGAGE, INC., (hereinafter, "Citi") is a foreign corporation, authorized to do business in Georgia located at 1000 Technology Drive, O'Fallon, Missouri 63368. The Defendant has a registered agent of CT Corporation System located at 289 Culver St, Lawrenceville, GA 30046.

6. At all relevant times, Defendant has conducted business in Georgia, solicited business in Georgia, engaged in a persistent course of conduct in Georgia, or has derived substantial revenue from services rendered in Georgia.

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 et seq.

2

# THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

## (TCPA) 47 U.S.C §227

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA regulates, inter alia, the use of automated telephone equipment, or "predictive-dialers", defined as equipment which "has the capacity…(a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

9. According to findings by the Federal Communications Commission (FCC), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

## ALLEGATIONS OF FACT

10. On or about the beginning of February 13, 2018 Plaintiff answered his cellphone an was greeted by an automated voice that said "please stay on the line for a very important message from citimortgage" Plaintiff talk to a representative who stated that they were calling from the Philippines with a number as 520 441-1247...an Arizona number on Plaintiffs caller identification phone. Plaintiff informed the representative that he did not want to receive phone calls on his cellphone. At that time the representative from the Philippines stated that "the calls were automated and they would continue".

11. Plaintiff continued to get calls on his cellphone after revoking consent to be called. Again on February 21, 2018 Plaintiff answered his cellphone and was greeted by an automated voice that stated "please stay on the line for an important message from citimortgage". Plaintiff again told the representative to stop calling his cellphone.

12. On March 20, 2018 at 1421hrs, Plaintiff got a call from a number of 816-420-4632, Plaintiff answered cellphone and was greeted by an automated voice that said "please stay on the line for an important message from citimortgage". Plaintiff talked to a representative and told him that he did not wish to be contacted on his cellphone. In fact Plaintiff informed the Defendant more than 14 different times to not contact him on his cellular phone.

4

13.  Plaintiff continued to receive these automated calls more than 80 (eighty) times to his cellphone.  On more than 22 times, Plaintiff was left an automated voice message that stated "please give us a call back about a personal business matter"

14.  Despite Plaintiff's request, the Defendant Citi continued to harass Plaintiff with automated calls which caused the Plaintiff to incur significant anxiety and inconvenience.

15. Upon information and belief, all of the calls Defendant placed to Plaintiffs cellular phone were placed using an "automatic telephone dialing system" (hereinafter, "auto-dialer"), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1)

16.  Plaintiff suffered a concrete and real invasion of Plaintiff's legally protected privacy rights through Defendant's violation of the TCPA.  The continuous unwarranted phone calls caused the Plaintiff harassment, as well use of his personal phone which could have been used for other purposes

17. Plaintiff suffered harm and damages in the form of emotional distress such as anger, and resentment each time he received a phone call from the Defendant.

5

## COUNT I
## KNOWING AND/OR WILLFUL VIOLATIONS
## OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Using an automated dialing system, and without prior express consent, the Defendant Citi contacted the Plaintiff over 80(eighty) times by means of artificial pre-recorded voice messages to a cellphone or pager in violation of 47 U.S.C. 227(b)(1)(A)(iii).

20. As a result of the Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statue, pursuant to  47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

a) As a result of Defendants, Citi willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks statutory damages of $1500.00 for each and every call that violated the TCPA;

b) Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent behavior pursuant the TCPA;

d) A trial by jury on all issues so triable;

6

e) Such other and further relief as may be just and proper

Respectfully submitted,

Ricky R. Franklin

708 Brambling Way
Stockbridge, GA 30281
(678-650-3733)
rrfrank12@hotmail.com

7