# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| RICKY R. FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:19-CV-3852-MLB |
| | ) | Honorable Judge Michael L. |
| v. | ) | Brown |
| | ) | |
| CITIMORTGAGE, INC., | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |
| | ) | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER
## AND RULE 502(d) ORDER

WHEREAS, Plaintiff Ricky R. Franklin ("Plaintiff") and Defendant CitiMortgage, Inc. ("Defendant") (collectively, the "parties") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, commercially sensitive, and/or other proprietary research, development, or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure will likely be disclosed or produced during the course of discovery in this litigation and request that the Court enter this Order setting forth conditions for treating, obtaining, and using such information; and

WHEREAS, this action involves, *inter alia*, proprietary and other confidential or commercially sensitive subject matters, the confidentiality of which is necessary and valuable to the privacy and business of the parties;

WHEREAS, the unrestricted disclosure of any such proprietary or other confidential or commercially sensitive subject matter, would be extremely prejudicial to the parties and nonparties and compromise their respective competitive positions; therefore, the parties have determined that this Stipulated Protective Order is required in order to protect the interests of the parties and non-parties while allowing the exchange of information relevant to the action; and

WHEREAS, the parties have stipulated to the entry of this Stipulated Protective Order pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential or proprietary information, in compliance with ¶ 12 of the Scheduling Order (Dkt. 26 and 27);

IT IS HEREBY ORDERED as follows:

**1. Designated Material.**

In accordance with the terms of this Stipulated Protective Order, any information recorded in any form or any portion thereof, including any form of evidence or discovery contemplated under Rules 26 through 36 and Rule 45 of the Federal Rules of Civil Procedure, may be designated pursuant to this Stipulated

Protective Order as "**CONFIDENTIAL**" or "**OUTSIDE COUNSEL EYES ONLY**" by the person or entity (including a non-party) producing it or by any party to this action (the "Designating Party") if: (a) produced or served, formally or informally, pursuant to the Federal Rules of Civil Procedure or in response to any other formal or informal discovery request or subpoena in this action; and/or (b) filed with the Court. All information and material designated in accordance with this Stipulated Protective Order as "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY," and all information or material derived from it, constitutes "Designated Material" under this Stipulated Protective Order. Unless and until otherwise ordered by the Court or agreed to in writing by the Designating Party, any and all Designated Material under this Stipulated Protective Order shall not be used or disclosed by the party receiving the Designated Material (the "Receiving Party") except as provided under the terms of this Stipulated Protective Order. (For purposes of this Stipulated Protective Order, "disclose" or "disclosed" means to show, furnish, provide or otherwise communicate the contents or existence of the referenced material or document to anyone, except as provided herein).

## 2.  Access.

### 2.1   Materials Designated "CONFIDENTIAL".

Subject to the limitations set forth in this Stipulated Protective Order, Designated Material may be marked "CONFIDENTIAL" generally for the purpose of protecting non-public information relating to the Designating Party's trade secrets or other confidential technical, sales, marketing, financial, pricing or other competitive commercial information. Material designated "CONFIDENTIAL" may only be disclosed by the Receiving Party to:

(a)    Persons (including, without limitation, deposition or trial witnesses) who appear on the face of the Designated Material marked "CONFIDENTIAL" as an author, addressee or recipient thereof or who have prior knowledge of the contents of the document or thing, participated in events described or contained in the document or thing or in whose files the document or thing was found;

(b)    Outside counsel of record for the parties to this action, as well as the partners, associates, agents and regularly employed staff and supporting personnel of such counsel to the extent reasonably necessary to render professional services in this litigation;

(c)     Subject to Section 3.1 below, up to three (3) designated officers, directors, in-house counsel or employees of the Receiving Party with responsibility for maintaining, defending or evaluating this litigation ("Designated In-House Recipients);

(d)     Any 30(b)(6) deposition witness presented by the Designating Party; any other deposition witness produced by the Designating Party; and any hearing or trial witness, provided, however, as to trial witnesses that the Designated Material marked "CONFIDENTIAL" has been or will be offered into evidence by, or with the agreement of, the Designating Party, or the Designating Party has been provided an opportunity to object;

(e)     The Court and court personnel (including stenographic reporters) and any necessary law clerk, paralegal, secretarial, clerical, and other lay court personnel;

(f)     Subject to Section 3.1 and 3.2 below, Designated Material marked "CONFIDENTIAL" may also be disclosed to independent experts (and the assistants, secretarial and clerical staffs of such independent experts) who are not employees of the Receiving Party and who are retained by a party or its attorneys of record in this action to assist in the preparation of the case, such as independent economic, accounting or scientific experts or technical advisors, or to furnish

technical or expert services in connection with this action, or to give expert testimony with respect to the subject matter thereof for the trial of this action;

(g)     Outside vendors hired by the parties or their counsel to assist in the litigation, including, document processing service providers (including duplicating, photocopying and document coding/scanning contractors), trial graphics providers and jury consultants;[1] and

(h)     Such other persons as the Designating Party may, in writing, agree or by order of this Court.

**2.2    Materials Designated "OUTSIDE COUNSEL EYES ONLY".**

Subject to the limitations set forth in this Stipulated Protective Order, Designated Material that may be marked "OUTSIDE COUNSEL EYES ONLY" includes, without limitation, proprietary technical data or particularly sensitive competitive commercial information, such as information tending to reveal the identities of customers and prospective customers whose status as such is not publicly known, non-public financial information, confidential information constituting product specifications and/or regarding the technology used to make

---

[1]  Notwithstanding any other provision of this protective order, access to CONFIDENTIAL Information shall be permitted to such service providers without need for the completion of **Exhibit A**.

products, and forward looking forecasts, projections, strategies, plans or the like that are not publicly available. Material designated "OUTSIDE COUNSEL EYES ONLY" may only be disclosed by the Receiving Party to entities set forth and under the conditions set forth in 2.1(a), (b), (d), (e), (f), (g), and (h) but not (c), above.

### 2.3    Destruction of Designated Material.

Upon the termination of this action, all recipients of Designated Material pursuant to Section 2 shall return or destroy all Designated Material (and all copies thereof) in the manner described in Section 14.2 of this Stipulated Protective Order.

### 3.  Certifications Concerning Designated Material.

Each person to whom any Designated Material may be disclosed pursuant to the provisions of Sections 2.1(c), 2.1(f), or 2.2 above, shall, prior to the time such Designated Material is disclosed to him or her, be provided with a copy of this Stipulated Protective Order and shall complete the certification contained in Attachment A, certifying that he or she has carefully read the Stipulated Protective Order and fully understands and agrees to abide by its terms.

### 4.  Use of Designated Material by Designating Party.

Nothing in this Stipulated Protective Order shall limit any Designating Party's use of its own documents and information nor shall it prevent the Designating Party from disclosing its own confidential information or documents to any person. Such

disclosure shall not affect any designations made pursuant to the terms of this Stipulated Protective Order, so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

**5. Designating Materials.**

Documents, information, materials, pleadings, legal memoranda, expert statements and discovery responses, in whole or in part, may be designated as "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY" as follows:

5.1    The producing or responding party shall designate material by placing the legend "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY" on each page of the materials or on each physical item prior to its production.

5.2    When a party wishes to designate its own "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY" materials produced by someone other than the Designating Party, such designation shall be made:

(a)    Within seven (7) business days from the date that the Designating Party receives copies of such materials from the producing or disclosing entity; and

(b)    By notice to all parties to this action and producing or disclosing entity, if it is not a party to this action, identifying the materials to be designated with particularity (either by production numbers or by providing other adequate

identification of the specific material). Such notice shall be sent by email (except insofar as no email address is available) and regular mail.

       5.3    Upon notice of designation pursuant to Section 5.2 above, all persons receiving notice of the requested designation of materials shall:

       (a)    Make no further disclosure of such Designated Material or information contained therein, except as allowed in this Stipulated Protective Order;

       (b)    Take reasonable steps to notify any persons known to have possession or access to such Designated Materials of the effect of such designation under this Stipulated Protective Order; and

       (c)    Take reasonable steps to reclaim or prevent access to such Designated Material or information in the possession or control of any person not permitted to have access under the terms of this Stipulated Protective Order.

## 6. Designating Depositions.

       6.1    Deposition transcripts or portions thereof may be designated as "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY" by a party or Designating Party during deposition testimony taken in this action, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the court reporter as "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY".

6.2     Where testimony is designated at a deposition, the Designating Party shall have the right to exclude at those portions of the deposition all persons not authorized by the terms of this Stipulated Protective Order to receive such Designated Material.

6.3     Any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided that the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material and provided that the person to whom the Designated Materials is to be shown is a person who may have such access under Sections 2, above.

6.4     Any party or Designating Party may, within ten (10) business days after receiving a deposition transcript, designate pages of the transcript and/or its exhibits as Designated Material. If any party or Designating Party so designates such material, the Designating Party shall provide written notice of such designation to all parties within that ten-business-day period. Designated Material within the deposition transcript or the exhibits thereto may be identified by written designation referring to pages and, where applicable, line numbers by highlighting, underlining, or otherwise visibly designating the designated portions and marking such portions "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY". Until the expiration of the ten business-day period, any portion of the deposition not previously

designated shall be treated as "CONFIDENTIAL" and subject to protection as provided by this Stipulated Protective Order.

### 7. Copies.

All complete or partial copies of Designated Material and written materials derived from Designated Materials shall also be deemed subject to the terms of this Stipulated Protective Order.

### 8. Court Procedures.

#### 8.1 Disclosure of Designated Material to Court Officials.

Subject to the provisions of this Section 8, Designated Material may be disclosed to the Court, Court officials or employees involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court), the jury in this action, and any interpreters interpreting on behalf of any party or deponent.

#### 8.2 Disclosure of Designated Material to Court Officials.

This Stipulated Protective Order does not prospectively authorize sealing of Designated Material filed in the judicial record. A party or nonparty may apply for authorization to file its own Designated Material under seal in accordance with the procedures set forth in Standing Order 04-02 and the Court's Procedure for Electronic Filing Under Seal in Civil Cases.  Any documents (including briefs),

tangible things, or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by compliance with the Court's Procedures for Electronic Filing Under Seal in Civil Cases. **In the event a party wishes to use any Designated Material produced by another party or nonparty, or any papers containing or making reference to the contents of such Designated Material, in any pleading or document filed with the Court in this litigation, or as an exhibit at a hearing or at trial, then the filing party may provide notice of its intention to do so at least three (3) business days in advance to permit the producing party to review the Designated Material and determine whether to approve the removal of the confidentiality designations or otherwise approve the filing of the materials not under seal.** If the filing party does not provide such notice, or if the producing party objects to the filing of its Designated Material not under seal by noon Eastern Time on the day of the intended filing, then the filing party must file a sealing motion simultaneously with such pleading or document, requesting that such Designated Material be filed under seal following the procedures set forth in Local Civil Rule 5. The parties will meet and confer in advance concerning the use of Designated Material at any hearing or trial.

### 8.3   Retrieval of Designated Material.

The party or Designating Party responsible for filing the Designated Materials shall be responsible for retrieving such Designated Materials from the Court following the final termination of the action (including any appeals thereof), to the extent permitted by the Court and the Court's governing rules.

### 8.4   Failure to File Under Seal.

If any party or Designating Party fails to request that the Court file Designated Materials under seal, the Designating Party or any party to this action may request that the Court place the Designated Materials under seal within thirty (30) days of the filing of said Designated Material.

### 9.   Objections.

A party may challenge the propriety of any designation under this Stipulated Protective Order at any time. A challenge may be made by serving all other parties and the Designating Party with a captioned notice of objection, which shall identify with particularity the Designated Material as to which the designation is challenged and state the basis for each challenge (the "Notice of Objection").

Following service of a Notice of Objection, the parties and the Designating Party shall meet and confer in good faith to resolve the challenge. In the event that the parties and the Designating Party are unable to resolve the challenge informally,

the party challenging the designation may file, on or before the thirtieth calendar day after service of a Notice of Objection, a motion to redesignate the challenged material. In the event of such a motion, the material at issue may be submitted to the Court for *in camera* inspection. It shall be the burden of the Designating Party under such circumstances to establish that the information so designated is "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY" within the meaning of this Stipulated Protective Order. The original designations shall remain effective until three (3) business days after entry of an order redesignating the materials and during the pendency of any timely filed appeal or writ petition.

## 10.    Client Communication.

Nothing in this Stipulated Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material. In rendering such advice and otherwise communicating with the client, however, counsel shall not disclose the contents, substance or source of Designated Material, except as permitted by this Stipulated Protective Order.

## 11.    No Prejudice.

11.1   This Stipulated Protective Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a

disclosure to which the Designating Party consents in writing before the disclosure takes place.

11.2   Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Stipulated Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

11.3   If any party or non-party required to produce documents inadvertently produces any Designated Material, without marking it with the appropriate legend, the Designating Party may give written notice to the Receiving Party or Parties, including appropriately marked copies of the Designated Material, that the document, thing, or response is deemed Designated Material and should be treated as such in accordance with the provisions of this Stipulated Protective Order.

11.4   Except for the access provisions set forth in Paragraphs 2.1(d) and 2.2, neither the provisions of this Stipulated Protective Order, nor the filing of any Designated Material, under seal, shall prevent the use in court, at any hearing, or at trial of this action of any Designated Material that is subject to this Stipulated Protective Order or filed under seal pursuant to its provisions. Prior to the pretrial conference, the parties and Designating Parties shall meet and confer concerning appropriate methods for dealing with Designated Material at trial.

**12.    Privilege and Waiver.**

Federal Rule of Evidence 502 shall apply to this case. The production or disclosure during discovery of an attorney-client privileged, attorney work product, or other protected document or information medium ("Protected Material") shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the producing party in this or any subsequent state or federal proceeding. If any party becomes aware of the production of Protected Material by any party, the party shall provide written notice of such production. Within three (3) business days of receipt of notice by any party that Protected Material was produced or disclosed, sufficiently identified by Bates number or other method to readily enable its identification, all recipients of the Protected Material shall collect all copies or reproductions thereof and either segregate them to protect them from use, or, if requested, return them to the producing party and shall delete such material from any medium. In addition, the recipients shall collect all notes or other work product that summarize, discuss, or quote the contents of such Protected Material, which shall then be segregated and destroyed, unless the protected nature of the production is disputed. If the recipient disputes the protected nature of the Protected Material, then the recipient shall so notify the producing party in writing at the time the documents, information, and materials are segregated or returned to the

producing party, or within a reasonable time thereafter. If the dispute cannot be resolved after conferring in good faith with the producing party, the recipient may promptly file a motion with the Court to permit retention of such documents, information, and materials, attaching the information at issue, under seal. The producing party shall have the burden of demonstrating the protected nature of the Protected Material. The producing party must retain the information until the claim is resolved. If the protected nature of the Protected Material is upheld, the receiving party shall return or destroy the Protected Material and all notes or other work product that summarize, discuss, or quote the contents of the Protected Material.

**13. Privilege Log.**

The parties have agreed that should any documents be withheld from production on the basis that they are privileged, the withholding party shall produce a privilege log in accordance with Federal Rule of Civil Procedure 26 and the following conditions:

(a) Communications with outside counsel from August 28, 2019, forward may be excluded;

(b) Communications with in-house counsel from August 28, 2019, forward may be excluded so long as the in-house counsel was acting in

a legal capacity and not in a capacity whereby they were providing business advice to their employer;

(c)     The log must include reasonable descriptive information that supports the privilege asserted to enable the receiving party to make a determination whether to challenge the assertion of privilege; and

(d)     Where an email chain is at issue, the listing on the log may be limited to the last strand in the email chain if it identifies all respondents on each email in the chain. All non-privileged emails in the chain will be produced.

## 14.    Modification and Survival.

### 14.1    Modification.

The parties reserve the right to seek modification of this Stipulated Protective Order at any time for good cause. The parties agree to meet and confer prior to seeking to modify this Stipulated Protective Order for any reason. The restrictions imposed by this Stipulated Protective Order may be modified or terminated only by written stipulation of all parties and Designating Parties or, after the Designating Party has been provided an opportunity to object, by order of this Court.

**14.2   Survival and Return of Designated Material.**

**This Stipulated Protective Order shall survive termination of this action. Upon final termination of the action, including appeals and retrials, and at the written request of the Designating Party, all documents designated "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY" and all other documents and things containing Designated Material, including deposition testimony regarding designated exhibits and all copies thereof, shall either be returned to counsel for the Designating Party (or, if such Designating Party is not represented by counsel, directly to the Designating Party) or, at the option of the Receiving Party, destroyed.** Upon request for the return or destruction of Designated Materials, counsel of record shall certify their compliance with this provision and shall deliver such certification to counsel for the Designating Party. Counsel of record shall certify their compliance with this provision and shall deliver such certification to counsel for the Designating Party not more than 90 days after the written request to return or destroy Designated Materials.

Notwithstanding the provisions for return or destruction of Designated Material, outside counsel may retain one copy of the pleadings, attorney, expert or consultant work product.

**15.    The Provisions Hereof Do Not Apply to Information That Becomes Public Knowledge in the Absence of a Violation of This Stipulated Protective Order.**

The restrictions set forth in the foregoing paragraphs shall not apply to information which (a) was or became public knowledge, not in violation of this Stipulated Protective Order, (b) was or is acquired in good faith from a third party, not a party to this action, not in violation of this Stipulated Protective Order and who has the right to disclose such information, (c) was or is discovered independently by the Receiving Party without violating this Stipulated Protective Order, or (d) was disclosed by the Designating Party to a third party in the absence of any understanding or expectation that the information would be kept confidential. The burden of showing that Designated Material can be treated as non-confidential material pursuant to the provisions of this Section 15 shall rest at all times on the party who seeks to disclose such information or to treat such information as non-confidential. A party that objects to the designation of material as confidential on one of the grounds set forth in this Section 15 shall follow the objections procedures set forth in Section 9 above.

**16.    Material Disclosed to be Used Only for Purposes of Action.**

All Designated Material hereunder shall be used by each Receiving Party solely for purposes of this action and for no other purpose. Except as provided below,

a Receiving Party may not use any Designated Material it obtains in this action for any business purpose or in any other legal or administrative proceedings or in any other manner relating to the prosecution of any patent application or any request for patent rights in any country. Designated Material produced during the course of this action can be used by a Receiving Party in other legal or administrative proceedings only if such use is mutually agreed by the Designating and the Receiving Parties.

**17.    No Contract.**

This stipulation is for the Court's consideration and approval as an order. It shall not be construed to create a contract between the parties or their respective counsel.

**18.    No Waiver.**

No action taken under this Stipulated Protective Order shall be construed as a waiver of any claim or defense in the action or position as to discoverability or admissibility of evidence.

**19.     Court's Retention of Jurisdiction.**

The Court retains jurisdiction to make such amendments, modifications, and additions to this Stipulated Protective Order as it may from time to time deem appropriate.

IT IS SO ORDERED, this _____ day of _____, 2020.

 

 

_____

The Honorable Michael L. Brown
United States District Court for the Northern
District of Georgia

Respectfully submitted, this _____ day of October, 2020.

**Ricky R. Franklin**

*/s/ Ricky R. Franklin_____*
Ricky R. Franklin
(by Amy L. Hanna Keeney with
express permission)
708 Brambling Way
Stockbridge, GA  30281
Telephone: 678-650-3733
Rrfrank12@hotmail.com

*Pro se Plaintiff*

**ADAMS & REESE LLP**

*/s/ Amy L. Hanna Keeney*
Amy L. Hanna Keeney
Georgia Bar No. 509069
3421 Peachtree Road NE
Suite 1600
Atlanta, Georgia 30326
Telephone: (470) 427-3700
Facsimile: (404) 238-9674
AmyHanna.Keeney@arlaw.com

*Attorney for Defendant CitiMortgage,
Inc.*

## ATTACHMENT A

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| RICKY R. FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:19-CV-3852-MLB |
| | ) | Honorable Judge Michael L. |
| v. | ) | Brown |
| | ) | |
| CITIMORTGAGE, INC., | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |
| | ) | |

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order and Rule 502(d) Order ("Protective Order") dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division, in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as "**CONFIDENTIAL**" or "**OUTSIDE COUNSEL EYES ONLY**" in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such materials to any other person, firm, or concern.

24

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____   Signature: _____