# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RICKY R. FRANKLIN, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:19-CV-3852-MLB |
| ) | Honorable Judge Michael L. Brown |
| v. ) | |
| ) | |
| CITIMORTGAGE, INC., ) | |
| ) | |
| Defendant. ) | JURY TRIAL DEMANDED |
| ) | |

## CITIMORTGAGE, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Franklin has not discharged his burden to oppose CMI's Motion for Summary Judgment ("Motion," Dkt. No. 49) by presenting competent evidence establishing a genuine issue of material fact.[1] Instead, Franklin submitted (1) a brief that argues CMI used an ATDS based on outdated law and a premise that lacks any legal support, and (2) a declaration in which he concludes he heard "automated" voice messages during some calls from CMI. This is not enough to survive summary

---

[1] For convenience and simplicity, this brief utilizes the same terms defined previously in CMI's Motion.

1

judgment, and CMI respectfully renews its request for judgment in its favor on Franklin's TCPA claims.[2]

### A. CMI did not use the Aspect Platform to call Franklin's Cell Phone, and, even if it had, the Aspect Platform is not an ATDS as a matter of law.

In his Brief and Memorandum of Law in Support of his Opposition to Defendant's Motion for Summary Judgment ("Opp'n," Dkt. No. 56), Franklin argues that "a system that can leave automated messages has the capacity to violate the TCPA." (Opp'n at 6, heading for subsection (i).) He argues a dialing system's capacity to perform various functions, as opposed to the actual use of the system, governs whether it violates the TCPA. (Opp'n at 6.) According to Franklin, "if a person receives 100 calls from a dialing system and one of those calls leaves an automated voice message, then that system and the entire 100 calls are in violation of the TCPA because of the capacity to do so." (*Id.*) He then concludes, in the face of sworn evidence to the contrary, that the dialing system CMI uses "has the capacity to dial numbers using a random or sequential[] number generator and dial the numbers, therefore all 82 calls are in violation of the TCPA." (Opp'n at 7.)

---

[2] CMI's response to Franklin's Statement of Additional Material Facts (Opp'n, Dkt. No. 56, Ex. A at pp.29-30) is attached hereto as **Exhibit 1**. CMI's reply to Franklin's Response to CMI's Statement of Undisputed Material Facts (Opp'n, Dkt. No. 56, Ex. A at pp.13-29) is attached hereto as **Exhibit 2**.

Franklin's Opposition fails for at least three reasons. First, his tortured argument that all calls made using a dialing system with the capacity to leave "automated messages" are TCPA violations has no legal basis. Franklin is conflating two distinct bases for liability under the TCPA: use of an ATDS on one hand, and use of an artificial or prerecorded voice on the other. In support of his argument, Franklin cites an outdated 2009 case out of the Court of Appeals for the Ninth Circuit examining the definition of an ATDS and whether systems that have the <u>capacity</u> – a word used in the definition – to generate random or sequential phone numbers fall within that statutory definition. Whether a dialing system has the capacity to leave messages using an artificial or prerecorded voice is immaterial to whether that dialing system is an ATDS under the TCPA. This argument fails.

Second, Franklin completely ignores the fact that CMI did not use the Aspect Platform to call his Cell Phone. The only calls CMI made regarding the Loan using the Aspect Platform occurred between March 30, 2017, and April 7, 2017, and were made to a phone number ending in 2542. (*See* Defendant's Statement of Material Facts as to Which There is No Genuine Issue to be Tried ("CMI's SMF," Dkt. No. 49-2) at ¶¶ 39-40.) Franklin admits he did not own a phone number ending in 2542 in 2017 and those calls were not made to his Cell Phone. (*See* Plaintiff's Local Rule 56.1(B)(2) Response to [CMI's SMF] ("Franklin's SMF Resp.," Doc. No. 56 at Ex.

3

A, pp.26-28) at ¶¶ 36-41.) So the only calls CMI made using the Aspect Platform were not made to Franklin's Cell Phone and cannot form the basis of a TCPA violation raised by him. (47 U.S.C. § 227(b)(1)(A), emphasis supplied: The TCPA prohibits "any call . . . using any [ATDS] . . . to any telephone number assigned to a . . . <u>cellular telephone service</u>.")

Third, even if CMI had used the Aspect Platform to call Franklin's Cell Phone, the Aspect Platform is not an ATDS as a matter of law because it does not use a random or sequential number generator. (*See* CMI'S SMF at ¶¶ 30-34.) Despite a brand new Supreme Court of the United States opinion conclusively establishing that the TCPA's definition of an ATDS "excludes equipment that does not 'us[e] a random or sequential number generator,'" Franklin nevertheless opposes CMI's motion for summary judgment on his ATDS claim. *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1171 (2021). Interestingly, he summarily concludes that the Aspect Platform "has the capacity to dial numbers using a random or sequential[] number generator," despite sworn evidence from CMI and Aspect, the software developer, to the contrary. (*See* CMI'S SMF at ¶¶ 33-35.) Franklin somehow reaches this conclusion without knowing any facts that could lead him there logically.[3] Indeed,

---

[3] The factual basis for Franklin's conclusion that the Aspect Platform "has the capacity to dial numbers using a random or sequential[] number generator" is particularly questionable given that <u>Franklin himself provided his Cell Phone</u>

Franklin never asked for CMI's or Aspect's deposition, nor did he attempt to conduct discovery about the Aspect Platform at all, to gather evidence to support his predetermined conclusion that the Aspect Platform is an ATDS.[4]

---

number to CMI in writing. (*See* Franklin's SMF Resp. at ¶ 9 (admitting that he identified his Cell Phone number ending in 3733 in written correspondence with CMI).) CMI could not have used any software to generate that phone number because Franklin provided it.

[4] Although Franklin is proceeding *in forma pauperis* and is representing himself in this case, he is an experienced litigator. The following is a list of TCPA lawsuits Franklin has initiated and litigated against other entities across the county, excluding CMI: *Ricky R. Franklin v. Navient, Inc., Student Assistance, Inc.*, Case No. 17-1640 (D. Del.); *Ricky R. Franklin v. True Dental Discounts.com, LLC*, Case No. 6:17-CV-01600-PGB-GJK (M.D. Fla); *Ricky R. Franklin v. Wellcare Health Plans Inc.*, Case No. 8:19-cv-02049-CEH-CPT (M.D. Fla.); *Ricky R. Franklin v. Enhanced Recovery Company, LLC*, Case No. 4:2019-cv-00534 (N.D. Fla.); *Ricky R. Franklin v. Facebook, Inc.*, Case No 1:15-CV-0655 (N.D. Ga.); *Ricky R. Franklin v. Georgia Power Company*, Case No. 1:19-CV-3853 (N.D. Ga.); *Ricky R. Franklin v. Atlanta Medical Center, Inc.*, Case No. 1:17-cv-03394-MLB (N.D. Ga.); *Ricky R. Franklin v. Cenlar FSB d/b/a Central Loan Administration and Reporting (CENLAR)*, Case No. 1:20-cv-1410 (N.D. Ga.); *Ricky R. Franklin v. DePaul University*, Case No. 1:16-cv-08612 (N.D. Ill.); *Ricky R. Franklin v. Express Text LLC*, Case No. 1:16-cv-09660 (N.D. Ill.); *Ricky R. Franklin v. Papa John's International, Inc.*, Case No. 3:16-cv-00671-CRS (W.D. Ky.); *Ricky R. Franklin v. Dunhams Sports*, Case No. 2:18-cv-11000-DPH-MKM (E.D. Mich.); *Ricky R. Franklin v. Lending Cloud*, 1:19-cv-00684-PLM-PLG (W.D. Mich.); *Ricky R. Franklin v. Bison Recovery Group, Inc.*, Case No. 1:18-cv-00161-JLS-LGF (W.D. N.Y.); *Ricky R. Franklin v. FBCS, Inc.*, Case No. 2L19-cv-05062-TJS (E.D. Pa.); *Ricky R. Franklin v. Saint Francis Hospital Bartlett, Inc.*, Case No. 2:18-cv-02209-SHL-cgc (W.D. Tenn.); *Ricky R. Franklin v. Clear Spring Loan Services*, Case No. 3:18-cv-00228-L-BH (N.D. Tex.); *Ricky R. Franklin v. Upland Software, Inc.*, Case No. 1:18-cv-00236-LY (W.D. Tex.); *Ricky R. Franklin v. Liberty University, Inc.*, Case No. 6:16-cv-00065-NKM-RSB (W.D. Va.).

Now, even with competent evidence and controlling legal authority to the contrary, Franklin nevertheless contends that all 82 calls CMI made to his Cell Phone are TCPA violations because CMI used an ATDS. (Opp'n at 7.) Simply put, this is incorrect. There is no genuine issue of material fact remaining as to Franklin's ATDS claim. The 39 calls that did not involve the alleged use of an artificial or prerecorded voice are not violations of the TCPA as a matter of law because CMI did not make those calls using an ATDS.[5]

**B. Franklin's conclusory declaration is not enough to survive summary judgment on his claim that CMI called him using an artificial or pre-recorded voice.**

Franklin is taking the position that CMI called him using an artificial or prerecorded voice in violation of the TCPA. (Compl., ¶ 15.) CMI has moved for summary judgment on this claim. CMI's burden on summary judgment is clear: demonstrate the absence of a genuine issue of material fact by showing the Court that there is an absence of evidence to support Franklin's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325 (1986).

CMI carried that burden: it produced documentary evidence proving that, during the time Franklin contends CMI called him using an artificial or prerecorded

---

[5] The 39 calls that did not involve the alleged use of an artificial or prerecorded voice are the calls listed in Categories 3 and 4 of CMI's SMF ¶ 21, as well as the voicemail left by a live human referenced in CMI's SMF ¶ 19.

voice, CMI used exclusively Agent-Initiated Contact ("AIC") calls that were dialed by live human agents who did not use artificial or prerecorded voices. (CMI's SMF at ¶¶ 42-44.) Moreover, CMI produced all six of Franklin's recorded phone calls with CMI, all of which feature conversations with a live human and none of which feature an artificial or prerecorded voice. (*Id.* at ¶¶ 24-25.) And, perhaps most importantly, CMI pointed out the only evidence Franklin has suggesting CMI used an artificial or prerecorded voice is his own testimony and his own self-generated records. (*Id.* at ¶ 26.)

The burden now shifts to Franklin. His burden on summary judgment is also clear: present affirmative evidence to show that a genuine issue of fact exists as to whether CMI used an artificial or prerecorded voice to call his Cell Phone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). He must do more than show a "metaphysical doubt" as to the material facts. *Schultz v. American Airlines, Inc.*, 449 F.Supp. 3d 1301, 1310 (S.D. Fla. 2020).

Franklin has not carried that burden. The only evidence Franklin presents in support of his allegation is (1) a declaration wherein he summarily concludes that CMI used "automated" messages when it called his Cell Phone, and (2) a duplicate copy of the self-generated call log he produced in discovery. (*See* Opp'n at Ex. B (Doc. 56, pp.32-35); and Ex. C (Doc. 56, pp.37-42).) Both pieces of evidence, as

well as Franklin's deposition testimony, merely conclude that CMI used messages featuring "automated" voices.

To successfully defeat summary judgment, a plaintiff must do more than provide conclusions or unsubstantiated assertions in affidavit form. *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000) (noting the Eleventh Circuit has "consistently held that conclusory allegations without specific supporting facts have no probative value"); *Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) (same); *Weed Wizard Acquisition Corp. v. A.A.B.B., Inc.*, 201 F. Supp. 1252, 1256 (N.D. Ga. 2002) (noting "[m]ere conclusory allegations and assertions are insufficient to create a disputed issue of material fact."). Placing a conclusion within an affidavit or declaration does not transform the conclusion into something more than what it is: a conclusion, not a fact based upon personal knowledge. *Ellis v. England*, 432 F.3d 1321 (11th Cir. 2005) (holding plaintiff's affidavit was insufficient to avoid summary judgment for the defendant because "mere conclusions and unsupported factual allegations, as well as affidavits based, in part, upon information and belief, rather than personal knowledge, are insufficient to withstand a motion for summary judgment."); *see also Walace v. Cousins*, 783 Fed. Apx. 910, 913 (11th Cir. 2019) (holding a conclusory affidavit that fails to support its assertions with specific facts, has no probative value and cannot defeat summary

judgment); *King v. OfficeMax Incorporated*, Case No. 1:06-CV-0276-JEC-LTW, 2007 WL 9701729, at *1-2 (N.D. Ga. June 28, 2007)*, report and recommendation adopted*, 2007 WL 9701886 (N.D. Ga. July 27, 2007) (finding paragraphs of plaintiff's affidavit in opposition to defendant's motion for summary judgment were insufficient because they "clothe legal conclusions, speculation, opinions, and conclusory allegations as 'facts'" and therefore "cannot be treated as factual support for a party's position on a pending summary judgment motion").

And, especially in the context of a TCPA claim based upon a defendant's use of an artificial or prerecorded voice, the plaintiff must do more than merely speculate under oath about the quality of the voice he heard. *See Dennis v. Reg'l Adjustment Bureau, Inc.*, No. 09-61494-CIV, 2010 WL 3359369, at *3 (S.D. Fla. July 7, 2010) (granting defendant summary judgment on plaintiff's claim it used an artificial or prerecorded voice where defendant's records indicate calls were manually dialed and plaintiff's only evidence is her deposition testimony that she "did not believe that a live person left [Defendant's] messages"); *cf. Wilcox v. Green Tree Servicing, LLC*, No. 8:14-CV-1681-T-24, 2015 WL 2092671, at *6 (M.D. Fla. May 5, 2015) (denying summary judgment to defendant on plaintiff's artificial/prerecorded voice claim but where defendant did not provide any sworn testimony that its agents left live messages); *Johnson v. Cap. One Servs., LLC*, No. 18-CV-62058, 2019 WL

9

4536998, at *5 (S.D. Fla. Sept. 19, 2019) (denying summary judgment to defendant on plaintiff's artificial/prerecorded voice claim but where defendant's own documentary evidence indicated the use of a "[v]irtual msg").

In this case, Franklin has the burden of proof. Despite months of discovery, many documents produced by CMI, and CMI's lengthy deposition of him, Franklin has been unable to produce any affirmative evidence that CMI used an artificial or prerecorded voice to call him. His declaration in opposition to CMI's Motion merely concludes that CMI used "automated" messages. (*See* Opp'n at Ex. B (Doc. 56, pp.32-35), ¶ 9 ("Plaintiff answered at least 7 calls and was greeted by an automated voice message . . ."); ¶ 10 ("On more than 43 of the calls, Plaintiff was greeted by an automated message . . ."); ¶ 15 ("Plaintiff has received calls from a system that greeted him with over 43 automated voice message greetings on his phone."))

In fact, even when pressed more than 30 times during his deposition to provide facts forming the basis for his conclusion that the voices in the messages were not live human voices, Franklin was unable to do so. His explanations varied from "I can tell the difference" between an artificial and a live voice (Franklin Tr. 40:9-14)

to "[i]t was just very generic" (Franklin Tr. 64:23-65:3) to "it was a one-way conversation" (Franklin Tr. 96:11-17).[6]

Here, CMI has produced documentary evidence – its Communication Report – proving that CMI called Franklin using exclusively Agent-Initiated Contact ("AIC") calls that were dialed by live human agents who did not use artificial or prerecorded voices. (CMI's SMF at ¶¶ 42-44.) At this point in litigation, Franklin must do more than merely speculate and assert under oath that a fact question exists. He must come forward with affirmative evidence. This is especially so where Franklin has the burden of proof at trial and failed to make efforts to obtain affirmative evidence during the discovery period.[7] Franklin could have recorded the "automated" messages he received; he did not.[8] He could have sought corroborating testimony from an expert or even just another lay person; he did not.[9] And, perhaps

---

[6] These excerpts from Franklin's deposition testimony can be found at Dkt. 49-4, at pp.9, 24-25, and 55.

[7] *See supra* n.4. Despite proceeding *pro se* in this case, Franklin is an experienced litigator and has initiated more than 20 TCPA lawsuits across the country.

[8] And – it bears repeating – the six recordings Franklin made and produced do not evidence the use of an artificial or prerecorded voice. All six are conversations between Franklin and a live human agent.

[9] On this point, Franklin believes he is "competent to testify about the stated matter of automated messages and greetings" and "doesn't need to have anyone listen to a message to confirm it's automated." (Franklin's SMF Resp. at ¶ 28.) CMI does not agree. Rule 56(c)(4) requires that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be

most egregiously, he could have deposed CMI to better understand its process for calling its borrowers, and whether or in what instances artificial or prerecorded voices are used, if ever; he did not.[10]

A plaintiff must do more than provide conclusions or unsubstantiated assertions in affidavit form to survive summary judgment. Franklin has not met his burden to oppose CMI's Motion with competent, affirmative evidence. Accordingly, CMI's Motion must be granted.

---

admissible in evidence, <u>and show that the affiant or declarant is competent to testify on the matters stated</u>." Fed. R. Civ. P. 56(c)(4) (emphasis supplied). Franklin has not established that he has any specialized or particular knowledge or training on how to determine whether a human voice is live or artificial or prerecorded, and he has not tendered himself as an expert witness. As a result, and pursuant to Rule 56(c), Franklin is not competent to provide his opinion, which is unsupported by facts, possesses no probative value, and contradicts documentary and sworn evidence presented by CMI.

[10] A plaintiff is not entitled to sit on his hands during discovery only to submit a conclusory affidavit and survive summary judgment. *See Boyd v. Wells Fargo Bank, N.A.*, No. 2:15-CV-2, 2016 WL 7323293, at *8 (S.D. Ga. Dec. 14, 2016), *aff'd sub nom., Boyd v. Experian Info. Sols., Inc.*, 692 F. App'x 980 (11th Cir. 2017) (holding plaintiff could not survive summary judgment where he failed to utilize the discovery process available to him, and as a result of that failure did not possess the affirmative evidence necessary to defeat a properly supported motion for summary judgment). CMI has presented documentary evidence proving that all calls to Franklin's Cell Phone were Agent-Initiated Contact ("AIC") calls that did not utilize an artificial or prerecorded voice. Franklin cannot now carry his burden to present affirmative evidence with his unsupported and conclusory opinion alone – especially without utilizing the discovery process afforded him, where Franklin could have inquired about CMI's system and process for making AIC calls.

## C. Conclusion.

For all the reasons stated herein and in its Motion, CMI requests this Court grant summary judgment in its favor on all of Franklin's claims that CMI violated the TCPA.

Respectfully submitted on May 3, 2021.

                                              **ADAMS AND REESE LLP**

                                              */s/ Amy L. Hanna Keeney*

3424 Peachtree Road NE          Amy L. Hanna Keeney
Suite 1600                              Georgia Bar No. 509069
Atlanta, Georgia 30326
Telephone: (470) 427-3700       *Attorney for Defendant CitiMortgage,*
Facsimile: (404) 238-9674        *Inc.*
amyhanna.keeney@arlaw.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certify that the foregoing has been prepared in Times New Roman 14 font and is in compliance with United States District Court, Northern District of Georgia Local Rule 5.1.

Respectfully submitted this 3rd day of May, 2021.

                                                **ADAMS AND REESE LLP**

                                                */s/ Amy L. Hanna Keeney*

3424 Peachtree Road NE           Amy L. Hanna Keeney
Suite 1600                                     Georgia Bar No. 509069
Atlanta, Georgia 30326
Telephone: (470) 427-3700
Facsimile: (404) 238-9674
amyhanna.keeney@arlaw.com

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| RICKY R. FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:19-CV-3852-MLB |
| | ) | Honorable Judge Michael L. Brown |
| v. | ) | |
| | ) | |
| CITIMORTGAGE, INC., | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2021, I electronically filed the foregoing **CITIMORTGAGE, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** and, in accordance with Standing Order No. 19-01, caused a copy to be served by certified U.S. Mail, return receipt requested, to:

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281


(signature on following page)

15

**ADAMS AND REESE LLP**

*/s/ Amy L. Hanna Keeney*
Amy L. Hanna Keeney
Georgia Bar No. 509069

*Counsel for Defendant CitiMortgage, Inc.*

3424 Peachtree Road, NE, Suite 1600
Atlanta, GA 30326
Tel: (470) 427-3700
Fax: (404) 500-5975
amyhanna.keeney@arlaw.com