IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Ricky R. Franklin,

           Plaintiff,

v.                                Case No. 1:19-cv-3852-MLB

CitiMortgage, Inc.,

           Defendant.

_____/

**ORDER**

Plaintiff Ricky R. Franklin brings this pro se action against Defendant CitiMortgage, Inc. under the Telephone Consumer Protection Act ("TCPA"). Defendant now moves for summary judgment. (Dkt. 49.) The Court grants Defendant's motion in part and denies it in part.

**I.   Standard of Review**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of showing a court, by reference to materials in the record, that there is no genuine

dispute as to any material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). The nonmoving party then has the burden of showing that summary judgment is improper by coming forward with "specific facts" showing a genuine dispute. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Salinero v. Johnson & Johnson*, 995 F.3d 959, 964 (11th Cir. 2021).

## II. Discussion

### A. TCPA

The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)A)(iii). "The TCPA provides a private right of action for any violation of this provision and permits the recovery of the greater of $500 or actual losses, with the potential for treble damages if a court determines that the violation was

willful." *Adams v. Ocwen Loan Servicing, LLC*, 366 F. Supp. 3d 1350, 1353 (S.D. Fla. 2018).

### B. Plaintiff's ATDS Claim

Plaintiff claims Defendant used an automatic telephone dialing system ("ATDS") to call him 82 times in violation of the TCPA. (Dkts. 56 at 33; 57-2 ¶ 17.) Defendant says this claim "fail[s] as a matter of law because [Defendant] did not use an ATDS." (Dkt. 49-1 at 14.) The Court agrees.

"To qualify as an 'automatic telephone dialing system,' a device must have the capacity [1] either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator" and [2] "to dial such numbers." *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1167 (2021); 47 U.S.C. § 227(a)(1). There is no evidence that Defendant has ever called Plaintiff using a device that fits this description. Defendant does sometimes use a dialing platform called "Aspect Unified IP 7.3." (Dkt. 57-2 ¶ 29.) But Defendant's records show it was not used to make the 82 calls about which Plaintiff complains. (Dkt. 57-2 ¶¶ 39–41.) And, even if it was, the Aspect platform does not use a random or sequential

3

number generator. (Dkts. 57-2 ¶¶ 30, 33–35.). So it is not an ATDS. *See Thompson-Harbach v. USAA Fed. Sav. Bank*, 359 F. Supp. 3d 606, 612, 626 (N.D. Iowa 2019) (Aspect platform "does not qualify as an ATDS" because it lacks "the capacity to randomly or sequentially produce or store a number and then call that number").

In a sworn declaration, Plaintiff claims an unknown CitiMortgage agent from the Philippines told him "[Defendant's] calls . . . were automated calls." (Dkts. 56 ¶ 11; 57-1 ¶ 3.) But this evidence is hearsay. And "[t]he general rule is that inadmissible hearsay cannot be considered on a motion for summary judgment." *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999); *see Robertson v. Interactive Coll. of Tech./Interactive Learning Sys., Inc.*, 743 F. App'x 269, 274 (11th Cir. 2018) (excluding hearsay testimony on summary judgment where "nothing in the record indicates that [the declarant] was going to testify at trial so as to reduce the hearsay testimony into an admissible form"). Moreover, even assuming the agent's statement could be considered, it would not entitle a jury to find that Defendant used an ATDS here. The mere fact that a call is "automated" does not mean it involves a random or sequential number generator. Other types of automation are possible.

4

*See, e.g.*, *Duguid*, 141 S. Ct. at 1168 (a device "need not be able to use a random or sequential generator" before it can "dial [telephone] numbers automatically"). A jury could only speculate that Defendant's unnamed agent meant "random or sequential number generator" when he said "automated." And "speculation is insufficient to overcome a summary judgment motion." *Garrison v. Sam's E., Inc.*, 787 F. App'x 627, 630 (11th Cir. 2019).

Defendant's records also indicate "a live, human agent" dialed Plaintiff's number "by hand on a telephone." (Dkt. 57-2 ¶ 42.) Plaintiff claims this does not rule out an ATDS. (Dkt. 56 at 7–8.) And perhaps he is right. *See Duguid*, 141 S. Ct. at 1171 n.6 (noting level of "human intervention" is not dispositive). But it hardly suggests an ATDS either. *See Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, 1312 (11th Cir. 2020) (an ATDS "must automatically dial the numbers," and the TCPA "extends only to 'automatic,' not human dialing"). At *best*, it is neutral evidence that does not move the needle either way. And that is not enough to create a genuine issue for trial.

The Court has reviewed the record. There is no evidence Defendant used an ATDS to call Plaintiff. So Plaintiff's ATDS claim fails as a matter of law.

## C.  Plaintiff's Artificial/Prerecorded-Voice Claim

Plaintiff also claims Defendant called him 43 times using an artificial or prerecorded voice in violation of the TCPA. (Dkts. 56 at 3; 57-2 ¶ 21.) Defendant says this claim "fail[s] as a matter of law because [Defendant] did not use an artificial or prerecorded voice." (Dkt. 49-1 at 19.) But a reasonable jury could disagree. So summary judgment is unwarranted.

At his deposition, Plaintiff said he was sure Defendant's calls involved an artificial or prerecorded voice. (*See, e.g.*, Dkt. 48 at 41–42 ("[I]t was an automated voice. That is a fact. It's not my opinion. . . . [I]t was very—you know, easy to distinguish the difference.").) He testified that the automated voice said the same thing on every call: (1) "please stay on the line for a very important message from CitiMortgage"; or (2) "please give us a call back about a personal business matter." (*See*

6

Dkt. 56 at 33–34.)[1] Plaintiff testified that he can "tell the difference between a live human and an automated voice"—and that Defendant's voice obviously fell into the latter category. (Dkt. 48 at 41–42, 103.) He said the voice was "very generic"; "impersonal"; "computerized"; sounded "nonhuman"; spoke like "it was a one-way call"; "did not address [him] personally"; "did not ask for [him]"; did not say "hello or this is CitiMortgage"; did not engage "like a normal conversation"; and sounded different than the live agents to whom he was later transferred. (Dkt. 48 at 42, 59, 65–66, 68, 81, 89, 91, 97, 100, 103, 120, 124.) A reasonable jury could believe this testimony and conclude Defendant used an artificial or prerecorded voice in violation of the TCPA.

Defendant wants the Court to disregard Plaintiff's testimony because it contradicts a "communication report . . . maintained in [Defendant's] file." (Dkts. 49-1 at 23–24; 49-3 ¶ 19.) But whether to believe Plaintiff's testimony or Defendant's records is a question for the jury. "It is not the court's role to weigh conflicting evidence or to make credibility determinations; the non-movant's evidence is to be accepted

---

[1] Sometimes these statements varied by a word or two. (*See* Dkt. 56 at 37–42.)

for purposes of summary judgment." *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). That is so "even in the absence of [corroborative] evidence." *United States v. Stein*, 881 F.3d 853, 858 (11th Cir. 2018); *see Sears v. Roberts*, 922 F.3d 1199, 1207 (11th Cir. 2019) ("[C]ourts routinely and properly deny summary judgment on the basis of a party's sworn testimony.").

Defendant points to the "blatant contradiction" rule, which says "a court need not accept as true a plaintiff's story that is so blatantly contradicted by the record that no reasonable jury could believe it." *Grimes v. Rott*, 2021 WL 4427748, at *3 (11th Cir. Sept. 27, 2021). But this rule is an exceedingly limited one. It requires something akin to "a videotape [that] definitively established what happened and what did not"—something "so inherently credible as to . . . utterly discredit [plaintiff's] testimony." *Sears*, 922 F.3d at 1208; *Joassin v. Murphy*, 661 F. App'x 558, 560 (11th Cir. 2016); *see Vette v. K-9 Unit Deputy Sanders*, 989 F.3d 1154, 1164 (10th Cir. 2021) (the blatant-contradiction rule is "generally limited . . . to cases involving objective documentary evidence, such as video recordings or photographs.").

Defendant has not shown its "communication report"—essentially a call log—rises to that level of conclusiveness. We know almost nothing about the report. We do not know how it was generated, how it was maintained, or the extent to which it balanced automation with human involvement. (*See* Dkt. 49-3.) It also diverges from Plaintiff's own records at times. (*Compare* Dkt. 56 at 37–42 with Dkt. 51-1 at 264–276.) So "it is not clear that the log is accurate" and the issue remains one "for the jury to resolve." *Sears*, 922 F.3d at 1209 n.4 (declining to apply blatant-contradiction rule). Moreover, the report does not actually say whether the calls involved an artificial or prerecorded voice. It says the calls were "agent-initiated." (Dkt. 49-3 ¶ 24.) Defendant then relies on a sworn declaration from one of its employees to claim that agent-initiated calls "do not utilize an artificial or prerecorded voice." (Dkt. 49-3 ¶ 26.) But "[o]ne cannot refute a witness's statements using another witness's statements at summary judgment; such a swearing contest is one for the jury to resolve." *Jackson v. West*, 787 F.3d 1345, 1357 n.6 (11th Cir. 2015). For all these reasons, the report does not "flatly refute" Plaintiff's testimony or "rule out the possibility" that he heard an automated voice. *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1254

9

(11th Cir. 2013); *Hall v. Bennett*, 447 F. App'x 921, 923 (11th Cir. 2011). Thus, the blatant-contradiction rule does not apply.

Given Plaintiff's testimony, a jury could believe Defendant called him using an artificial or pre-recorded voice. So the Court denies Defendant's motion for summary judgment on that issue.

### III. Conclusion

Defendant's Motion for Summary Judgment (Dkt. 49) is **GRANTED IN PART** and **DENIED IN PART**. It is granted to the extent Plaintiff's ATDS claim fails as a matter of law. It is denied to the extent Plaintiff's artificial/prerecorded-voice claim is allowed to proceed.

The Court **ORDERS** this case to mediation. The parties may retain their own mediator. The expense of a retained mediator must be paid by the parties. The parties may, alternatively, ask the Court to appoint a magistrate judge to conduct the mediation. The parties are not required to pay for mediation by a magistrate judge.

The parties shall advise the Court of their mediation preference no later than 30 days from the date of this Order. If the parties elect to retain their own mediator, they shall identify the mediator no later than 45 days from the date of this Order. Mediation must occur within 120

days from the date of this Order. The parties must have present at the mediation a person with authority to settle this litigation. The parties shall, within five days after the mediation, notify the Court in writing whether mediation resulted in a settlement of this action.

The Court **STAYS** this case pending mediation. The Court **DIRECTS** the Clerk to **ADMINISTRATIVELY CLOSE** this case during the period of the stay.

**SO ORDERED** this 10th day of March, 2022.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE